United States Bankruptcy Court
Southern District of Texas

**ENTERED**
March 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 20-35493 |
| 1960 FAMILY PRACTICE, P.A., | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| EVA S. ENGELHART, CHAPTER 7 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-3906 |
| | § | |
| HUONG T. LE NGUYEN | § | |
| and | § | |
| ALLERGY OF TEXAS, PLLC | § | |
| and | § | |
| EXPRESS SPECIALITY PHARMACY, LLC | § | |
| and | § | |
| PHYSICIAN'S ALLIANCE OF RED OAK, LP | § | |
| and | § | |
| HUONG LE AND ALLERGY OF TEXAS PLLC | § | |
| and | § | |
| MINH NGUYEN | § | |
| and | § | |
| WOODLANDS IMAGING LP | § | |
| and | § | |
| VIVENTI MED LLC | § | |
| and | § | |
| TEXAS RADIOLOGY ASSOCIATES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Eva S. Engelhart, chapter 7 Trustee requests that this Court reconsider dismissal of her complaint against Texas Radiology Associates, P.A., Viventi Med, LLC, and Woodlands Imaging,

LP pursuant to Federal Rule of Civil Procedure 54(b) or in the alternative pursuant to Federal Rule of Civil Procedure 60(b).  Texas Radiology Associates, P.A., Viventi Med, LLC, and Woodlands Imaging, LP oppose the relief requested.

On February 24, 2023, the Court held a hearing and after considering the pleadings on file, evidence in the record, arguments of counsel, and applicable law, the Court grants "Plaintiff's Motion To Reconsider Dismissal (Rule 7054(a)/54(b))) Or In The Alternative Motion for Relief From Order (Rule 9054(b)/60(b))."[1]  However, pursuant to Rule 12(e), Eva Engelhart, chapter 7 Trustee, must rectify the shotgun pleading errors violating Federal Rules of Civil Procedure 8(a)(2) and 9(b) by filing a more definite statement in the form of an amended complaint by no later than March 28, 2023.

## I. BACKGROUND

1. On November 9, 2020, 1960 Family Practice, P.A. filed for bankruptcy protection under chapter 7 of the Bankruptcy Code[2] initiating the bankruptcy case.[3]

2. On September 7, 2021, Eva S. Engelhart, Chapter 7 Trustee, ("*Trustee or Plaintiff*") filed the instant complaint ("*Adversary Proceeding*") against Huong Le, Express Specialty Pharmacy, LLC, Allergy Of Texas PLLC, and Physicians Alliance Of Red Oak, LP.[4]

3. On August 12, 2022, Plaintiff filed her "Chapter 7 Trustee's Motion For Leave To File First Amended Complaint Pursuant To Federal Rule Of Civil Procedure 15(a)(2)."[5]

4. On September 2, 2022, Huong Lee and Allergy of Texas, PPC filed "Defendants Huong Le and Allergy Of Texas PLLC's Objection To Trustee's Motion For Leave To Amend And Motion To Strike."[6]

5. On September 8, 2022, Trustee filed her "Chapter 7 Trustee's Response To Defendants' Motion To Strike."[7]

---

[1] ECF No. 154.
[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C.
[3] "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 20-35493.  Entries made in Plaintiff's Case number 21-3906 shall take the format of "ECF No. __."
[4] ECF No. 1.
[5] ECF No. 60.
[6] ECF No 62.
[7] ECF No. 64.

6. On October 17, 2022, the Court held a hearing and Trustee, inter alia, was granted until October 18, 2022 to amend her complaint.[8]

7. On October 18, 2022, Trustee filed her "First Amended Complaint"[9] ("*Complaint*") against Huong Le ("*Le*", Minh Nguyen ("*Nguyen*"), Express Specialty Pharmacy, LLC ("*ESP*"), Allergy Of Texas PLLC ("*AOT*"), Physicians Alliance Of Red Oak, LP ("*PARO*"), Woodlands Imaging, LP ("*Woodlands*"), Viventi Med LLC ("*Viventi*"), and Texas Radiology Associates, P.A. ("*TRA*") (collectively "*Defendants*") which is currently the live pleading before the Court.

8. On November 10, 2022, the following pleadings were filed: "Dr. Minh Nguyen's Motion To Dismiss For Failure To State A Claim Pursuant To B.R. 7012(b)(6); Failure To Plead Fraud With Particularity; and Alternatively For More Definite Statement Pursuant To B.R. 70121(e)"[10] (*Nguyen's Motion To Dismiss*"); "Texas Radiology Associates, PA's Motion To Dismiss For Failure To State A Claim Pursuant To B.R. 7012(b)(6); and Failure To Plead Fraud With Particularity"[11] ("*TRA's Motion To Dismiss*"); "Woodlands Imaging, LP's Motion To Dismiss For Failure To State A Claim Pursuant To B.R. 7012(b)(6); and Failure To Plead Fraud With Particularity"[12] ("*Woodland's Motion To Dismiss*"); and "Viventi Med LLC's Motion To Dismiss For Failure To State A Claim Pursuant To B.R. 7012(b)(6); and Failure To Plead Fraud With Particularity"[13] ("*Viventi's Motion To Dismiss*").

9. On November 17, 2022, the following pleadings were filed: "Defendant Huong Le's Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim and, Alternatively, Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction"[14] ("*Le's Motion To Dismiss*"); and "Defendant Allergy Of Texas, PLLC's ("*AOT*") Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim"[15] ("*AOT's Motion To Dismiss*").

10. On November 19, 2022, Trustee filed "Trustee's Response To Dr. Minh Nguyen's Motion To Dismiss For Failure To State A Claim Pursuant To 7012(b)(6); Failure To Plead Fraud With Particularity And Alternatively For More Definite Statement Pursuant To 7012(e)"[16] ("*Trustee's Response to Nguyen's Motion to Dismiss*").

11. Trustee failed to timely respond to TRA's Motion To Dismiss, Woodland's Motion to Dismiss, and Viventi's Motion to Dismiss, and thus were treated as unopposed.

12. On December 5, 2022, the Court entered an order granting: (i) TRA's Motion to Dismiss and dismissed Causes of Action 15, 16, 17, 18, & 19 of the Complaint as they relate to TRA; (ii) Woodland's Motion To Dismiss and dismissed Causes of Action 24, 25, 26, 27, & 28 of the as

---

[8] ECF No. 95.
[9] ECF No. 98.
[10] ECF No. 120.
[11] ECF No. 121.
[12] ECF No. 122.
[13] ECF No. 123.
[14] ECF No. 130.
[15] ECF No. 131.
[16] ECF No. 132.

they related to Woodlands; and (iii) Viventi's Motion to Dismiss and dismissed Causes of Action 20, 21, 22, & 23 of the Complaint as they relate to Viventi ("*Order of Dismissal*").[17]

13. On December 7, 2022, Trustee filed "Plaintiff's Motion To Reconsider Dismissal (Rule 7054(a)/54(b)) Or In The Alternative Motion For Relief From Order (Rule 9054(b)/60(b)" ("*Motion To Reconsider*").[18]

14. Additionally and also on December 7, 2022, Trustee filed (i) Trustee's Response To Woodlands Imaging, LP's Motion To Dismiss For Failure To State A Claim Pursuant To 7012(b)(6) And Failure To Plead Fraud With Particularity And Chapter 7 Trustee's Motion To Amend Pursuant To Rule 15" ("*Trustee's Response to Woodland's Motion to Dismiss*")[19]; (ii) "Trustee's Response To Texas Radiology Associates, Pa's Motion To Dismiss For Failure To State A Claim Pursuant To 7012(b)(6) And Failure To Plead Fraud With Particularity And Chapter 7 Trustee's Motion To Amend Pursuant To Rule 15"[20] ("*Trustee's Response to TRA's Motion to Dismiss*"); (iii) "Trustee's Response To Viventi Med, LLC's Motion To Dismiss For Failure To State A Claim Pursuant To 7012(b)(6) And Failure To Plead Fraud With Particularity And Chapter 7 Trustee's Motion To Amend Pursuant To Rule 15"[21] ("*Trustee's Response to Viventi's Motion To Dismiss*").

15. On December 8, 2022, Trustee timely filed "Trustee's Response To Allergy Of Texas, PLLC's Motion To Dismiss For Failure To State A Claim Per Rule 12 (b)(6)"[22] ("*Trustee's Response to AOT's Motion To Dismiss*"); and "Trustee's Response To Huong Le's Motion To Dismiss For Failure To State A Claim Per Rule 12 (b)(6)"[23] ("*Trustee's Response to Le's Motion To Dismiss*").

16. On December 27, 2022, Texas Radiology Associates, P.A., Viventi Med, LLC, and Woodlands Imaging, LP (collectively "*Defendants*") filed "Defendants' Response to Trustee's Motion to Reconsider"[24] ("*Defendants' Response*").

17. On February 24, 2023, the Court held a hearing on the Motion to Reconsider and now issues its instant memorandum and order.[25]

## II. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334(b) and exercises its jurisdiction

---

[17] ECF No. 152.
[18] ECF No. 154.
[19] ECF No. 155.
[20] ECF No. 156.
[21] ECF No. 157.
[22] ECF No. 159.
[23] ECF No. 160.
[24] ECF No. 183.
[25] ECF No. 242.

in accordance with Southern District of Texas General Order 2012–6.[26] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[27] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O) this proceeding contains core matters, as it primarily involves proceedings concerning the administration of this estate and recovery of alleged fraudulent and preferential transfers.[28] This proceeding is also core under the general "catch-all" language with respect to the preference claims, because such suits are the type of proceeding that can only arise in the context of a bankruptcy case.[29]

This Court may only hear a case in which venue is proper.[30] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[31] All Defendants reside and/or have their principal place of business in either The Woodlands, Texas, Spring, Texas, or Houston, Texas,[32] and therefore, venue of this proceeding is proper.

This Court must evaluate whether it has constitutional authority to enter an order in this case. In *Stern v. Marshall*, which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process

---

[26] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[27] 28 U.S.C. § 157(a). *See also In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[28] *See* 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).
[29] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.*), 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987)).
[30] 28 U.S.C. § 1408.
[31] 28 U.S.C. § 1409(a).
[32] ECF No. 98 at 4, ¶¶ 2-9.

of ruling on a creditor's proof of claim."[33]  However, *Stern* is inapplicable to the Motion to Reconsider. *Stern* concerned final orders entered by the bankruptcy court and here, the Court need only enter an interlocutory order because motions to reconsider pursuant to Federal Rule of Civil Procedure 54(b) and Federal Rule of Civil Procedure 60(b) are interlocutory.[34]  Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[35]  Therefore, this Court need not determine whether it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant Motion to Reconsider.

### III.    ANALYSIS

**A.    Standard of review for a motion to reconsider under the Federal Rules of Civil Procedure**

Trustee seeks reconsideration of this Court's Order of Dismissal pursuant to Federal Rule of Civil Procedure ("*Rule*") 54(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 7054(a), or in the alternative, under Rule 60(b) made applicable by Bankruptcy Rule 9054(b).

There is no specific provision for a motion to reconsider under the Federal Rules of Civil Procedure.[36]  Motions to reconsider a final order or judgment may be brought under either Rule 59(e) or Rule 60.  Rule 59(e) motions do not permit consideration of arguments that could have been raised previously and Rule 60 motions enumerate only specific grounds that parties may seek relief under.[37]  Alternatively, Rule 54(b) allows parties to seek reconsideration of interlocutory

---

[33] 564 U.S. 462, 503, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).
[34] *Lee v. Choudhri (In re Briar Bldg. Hous. LLC )*, 645 B.R. 896, 903 (Bankr. S.D. Tex. 2022).
[35] *West v. WRH Energy Partners LLC (In re Noram Res., Inc.)*, 2011 Bankr. LEXIS 5183, at *3, 2011 WL 6936361 (Bankr. S.D. Tex. Dec. 30, 2011).
[36] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."); *United States v. Fisch*, No. H-11-722, 2018 WL 1541780, at *3 (S.D. Tex. Mar. 28, 2018).
[37] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). *See* Fed. R. Civ. P. 60.

orders and authorizes the trial court to "revise at any time any order or other decision that does not end the action."[38]

Because the Court's Order of Dismissal did not dispose of every claim or resolve the rights of all parties in this Adversary Proceeding, it is interlocutory.[39] Thus, the Court will review the Trustee's Motion to Reconsider pursuant to Rule 54(b) and need not consider Trustee's alternative argument under Rule 60(b). Reconsideration pursuant to Rule 54(b) is highly discretionary and allows this Court "to reconsider and reverse its decision for any reason it deems sufficient."[40] "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[41]

**B.   Defendants' Response**

In Defendants' Response, Defendants argue that the Motion to Reconsider should be denied under either Rule 54(b) or Rule 60(b).[42] As this Court discussed above, the Order of Dismissal was an interlocutory order and thus Defendants' Rule 60(b) arguments are without merit. Next, Defendants contend that contrary to the Rule 54(b) standard described above, Trustee's Rule 54(b) motion should be guided by Rule 59(e) rather than the more discretionary "for any reason it deems sufficient" standard.[43] The basis for Defendants' position is non-binding caselaw from other circuits which states "When evaluating whether to reconsider an interlocutory

---

[38] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[39] *Enviro-Lite Sols., Inc. v. Edinburg Consol. ISD (In re USA Promlite Tech. Inc.)*, Nos. 18-36893, 19-7003, 2022 Bankr. LEXIS 2988, at *10 (Bankr. S.D. Tex. 2022) ("An order resolving fewer than all of the claims presented in a complaint is interlocutory.").
[40] *McClendon*, 892 F.3d at 781.
[41] *Austin*, 864 F.3d at 337 (internal quotations omitted).
[42] ECF No. 183.
[43] *McClendon*, 892 F.3d at 781.

order pursuant to Rule 54(b)' courts apply the same legal standard as used for a motion to alter or amend a judgment under Rule 59(e)."[44]

Rule 59(e) motions are granted when it "'serve[s] the narrow purposes of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"[45] Defendants assert that Trustee's Motion to Reconsider fails to demonstrate a manifest error of law or fact or to present newly discovered evidence.[46] Therefore, Defendants maintain that the Motion to Reconsider should be denied.[47]

However, Defendants' contention that Rule 54(b) motions are governed by Rule 59(e) standards is incorrect. As the Fifth Circuit has more recently made clear, a "'trial court is free to reconsider and reverse [an interlocutory order or] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[48] Unlike the narrow Rule 59(e) standard, "the 'more flexible' Rule 54(b) standard reflects the district court's inherent power to grant relief from interlocutory orders 'as justice requires.'"[49] Thus, the Court finds that the caselaw cited by Defendants is inapplicable in the Fifth Circuit and Trustee need not offer manifestation of an error of law for fact or newly discovered evidence to prevail on her Rule 54(b) motion. Since the absence of these elements was the only argument raised by Defendants,[50] Defendants' Response is without merit.

C. **Trustee's Motion To Reconsider**

---

[44] (*See In re Byrnes*, 2021 WL 4047461, at *3 (Bankr. D.N.M. Sept. 3, 2021) (citing *Sartori v. Steider & Assoc., P.C.,* 2017 WL 11508063, at *1 (D.N.M.), citing *Tomlinson v. Combined Underwriters Life Ins. Co.,* 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *see also Sump v. Fingerhut, Inc*, 208 F.R.D. 324, 326-27 (D. Kan. 2002) (courts routinely use Rule 59(e) standards when reviewing a Rule 54(b) motion)).
[45] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).
[46] ECF No. 183 at 3.
[47] *Id.*
[48] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[49] *Cabral v. Brennan*, 853 F.3d 763, 766 n.3 (5th Cir. 2017).
[50] ECF No. 183 at 3.

Trustee's Motion to Reconsider seeks reconsideration of this Court's Order of Dismissal that granted TRA's Motion to Dismiss, Woodland's Motion to Dismiss, and Viventi's Motion to Dismiss (collectively "*Motions to Dismiss*").[51]  In the Order of Dismissal, the Court granted the Motions to Dismiss because Trustee failed to file a timely response within the twenty-one days permitted by S.D. Tex. DLR 7.4[52] for responding to opposed motions.[53]  Thus, pursuant to the local rules, this Court treated the Motions to Dismiss as unopposed.[54]

In the Motion to Reconsider, Trustee acknowledges that her failure to timely file a response to the Motions to Dismiss was an oversight borne out of a failure to properly calendar her deadlines to respond[55] and not out of any extenuating circumstances.  Nonetheless, Trustee requests that this Court reconsider its Order of Dismissal and cites several Southern District and Fifth Circuit cases in support.[56]  As a preliminary matter, since the caselaw cited by Trustee in the Motion to Reconsider only applies when dismissal is with prejudice,[57] the Court must first determine whether the Order of Dismissal was with prejudice.

### i. Whether the Order of Dismissal was with prejudice

In this case, as a result of this Court's Order of Dismissal, counts 17-28 were dismissed.[58]  Notably, however, the Court did not explicitly grant dismissal with prejudice.[59]  Nonetheless, despite the absence of specific language indicating that the dismissal was with prejudice, the dismissal was "effectively with prejudice"[60] because of the deadlines imposed by § 546.  Here,

---

[51] ECF Nos. 152, 154.
[52] Incorporated by S.D. Tex. BLR 1001-1(b).
[53] ECF No. 152 at 2.
[54] *Id.*
[55] ECF No. 154 at 2, ¶¶ 1, 7, 9.
[56] *Id.*
[57] *See* ECF No. 154 at 4-6.
[58] Incorporated by S.D. Tex. BLR 1001-1(b).
[59] *Id.*
[60] *Brown v. King*, 250 F. App'x 28, 29 (5th Cir. 2007) (noting that although the district court dismissed an action without prejudice, the dismissal was effectively with prejudice due to the two-year statute of limitations).

each of the claims in counts 17-28 were brought pursuant to §§ 544 or 548.[61] Section 546(a)(1)(A) imposes a two-year limitations period to file claims under §§ 544 or 548 following the order for relief. The two-year period had already lapsed prior to this Court's Order of Dismissal.[62] Thus, the Order of Dismissal was effectively with prejudice to refiling. Given that the Order of Dismissal was effectively with prejudice, the Court will now consider the merits of Trustee's argument.

        ii.       **Whether reconsideration of the Order of Dismissal is appropriate**

Each of the cases cited by Trustee stand for a similar proposition: that violation of a local rule, absent a showing of extreme delay, is an insufficient basis to dismiss with prejudice under Rule 12(b)(6), and that in the interests of justice lesser sanctions should be first imposed for a local rule violation.[63] In *Wesolek*, the court also analyzed whether failure to comply with S.D. Tex. DLR 7.4's twenty-one day requirement warranted dismissal with prejudice.[64] There, the court noted that "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice."[65] Similarly, in *Ramsey*, the Fifth Circuit held that the failure of a plaintiff to respond within three months to a defendant's motion to dismiss did not justify dismissal with prejudice.[66] It is clear from these cases that in the Fifth Circuit violation of a local rule is generally an

---

[61] ECF No. 98.
[62] The Order for Relief was entered on November 9, 2020 and the Order of Dismissal was issued on December 5, 2022.
[63] *See* ECF No. 154 at 4-6 (citing *John v. State of LA*, 757 F.2d 698 (5th Cir. 1985); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210 (5th Cir.1980) ("before a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice."); *Woodham v. American Cystoscope Co.*, 335 F.2d 551 (5th Cir. 1964) (finding that automatic dismissal for failure to timely file a response conflicts with Rule 1 that rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action."); *Wesolek v. Layton*, 914 F.Supp.2d 853, 859 (S.D. Tex. 2012) ("While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, '[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice."); *Ross v. State of Texas*, Civil Action No. H-10-2008 (S.D. Tex. Nov. 29, 2011) ("Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion."); *Chero-Key Piping Co. v. Great-West Life & Annuity Ins. Co.*, Civil Action H08-2696 (S.D. Tex. Mar. 23, 2010) (same)).
[64] *Wesolek*, 914 F.Supp.2d at 859.
[65] *Id.*
[66] *Ramsey*, 631 F.2d at 1210.

insufficient basis to dismiss with prejudice under Rule 12(b)(6).[67] Furthermore, neither in Defendants' Response nor at the Hearing did Defendants directly refute the caselaw offered by Trustee. Thus, in its discretion afforded under Rule 54(b), the Court finds that reconsideration of the Order of Dismissal is appropriate.

Accordingly, Trustee's Motion to Reconsider is granted and this Court's December 5, 2022, Order of Dismissal is vacated.

Nevertheless, in conducting a sua sponte review of the Complaint, the Court has discovered that Trustee has committed numerous shotgun pleading violations. These violations will be analyzed below.

### E.  Shotgun pleading violations

Throughout the Complaint, Trustee has violated Rules 8(a)(2) and 9(b) by committing shotgun pleading errors. Rule 8 states that a complaint "must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[68] When fraud is alleged, Rule 9(b) requires a party to state with particularity the circumstances constituting fraud. The court in *Benchmark Electronics, Inc. v. J.M. Huber Corporation*,[69] established the test for pleading fraud with particularity, stating that "[p]ut simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[70]

As this Court detailed in *Chowdary v. Ozcelebi*,[71] there are at least four types of "shotgun pleadings"—imprecise complaints that fail "to give the defendants adequate notice of the claims

---

[67] *Ramsey*, 631 F.2d at 1210 ("before a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice."); *Woodham*, 335 F.2d at 551 (finding that automatic dismisal for failure to timely file a response conflicts with Rule 1 that rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.")
[68] FED. R. CIV. P. 8(a)(2).
[69] *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).
[70] *Id.*; *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008); *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).
[71] *Chowdary v. Ozcelebi (Ozcelebi)*, 635 B.R. 467, 472 (Bankr. S.D. Tex. 2021).

against them and the grounds upon which each claim rests."[72] The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.[73] This leads to a "situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."[74] Second, a shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.[75] The third type of shotgun pleading is a complaint that fails to separate into a different count each cause of action or claim for relief.[76] This type of shotgun pleading violates Rule 10(b).[77] Finally, the fourth type of shotgun pleading is a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.[78]

"Shotgun pleadings are 'pernicious' because they 'unfairly burden defendants and courts' by shifting onto them 'the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support.'"[79] If tolerated, shotgun pleadings harm the court by impeding its ability to administer justice.[80] The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.[81] When a complaint

---

[72] *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).
[73] *Id.* at 1321.
[74] *Id.* at 1324; *Snow v. Etowah Cty. Sheriff's Dep't*, No. 4:20-cv-00344-ACA, 2020 U.S. Dist. LEXIS 220325, at *9 (N.D. Ala. 2020).
[75] *Weiland*, 792 F.3d at 1322.
[76] *Id.* at 1323.
[77] *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 393 (6th Cir. 2020); *Weiland*, 792 F.3d at 1323 n.13 (collecting cases); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (holding that one count of complaint, which raised five causes of action, was impermissible "kitchen sink" pleading).
[78] *Weiland*, 792 F.3d at 1323.
[79] *Greathouse v. Rosa*, No. 1:20-cv-0554-KWR-KK, 2021 U.S. Dist. LEXIS 132053, at *2 (D.N.M. 2021) (citing *D.J. Young Publ. Co. v. Unified Gov't of Wyandotte County/Kansas City*, No. 12-CV-2011-KHV, 2012 U.S. Dist. LEXIS 132535, at *10 (D. Kan. 2012)).
[80] *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001).
[81] *Id.*

fails to provide adequate notice, it is within the court's power to act sua sponte by ordering plaintiffs to submit a more definite statement pursuant to Rule 12(e).[82]

Here, Trustee committed the first type of shotgun pleading error by incorporating by reference each of the preceding paragraphs.[83] For example, count 28 of the Complaint states that "The factual allegations contained in paragraphs 1 through 583 are hereby incorporated for all purposes."[84] This practice is utilized in each of the twenty-eight counts brought against eight defendants in this case.[85] As a result, the Complaint includes a substantial amount of irrelevant factual allegations and legal conclusions, clearly in violation of Trustee's pleading obligations under Rules 8(a)(2) and 9(b) to state her claim with particularity. Picking through all of the information incorporated by reference is especially cumbersome here where the Complaint includes 113 pages and 594 numbered paragraphs.[86]

Allowing these types of shotgun pleadings promotes a distinct advantage for a plaintiff.[87] Rather than being tasked with providing a short and plain statement as required by Rule 8(a)(2), let alone the heightened pleading requirements of Rule 9(b), a plaintiff would be incentivized to provide an ambiguous pleading.[88] This is because instead of having to choose which theories of relief to assert and applying facts, a plaintiff would be well-advised to take as many shots at the

---

[82] *See Molina v. March*, No. 07-4296, 2008 U.S. Dist. LEXIS 139926, at *6 (S.D. Tex. 2008) (sua sponte ordering plaintiff to file a more definite statement pursuant to Rule 12(e)); *see also Spencer v. FNU August*, No. 1:17-CV-63, 2020 U.S. Dist. LEXIS 95230, at *10 (E.D. Tex. 2020) ("'A complaint that contains a "bare bones" allegation that a wrong occurred and that does not plead any of the facts giving rise to the injury does not provide adequate notice. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiff to amend.'"); *see also Sudduth v. Lowndes Cty.*, No. 1:18-CV-51-SA-DAS, 2019 U.S. Dist. LEXIS 31843, at *9 (N.D. Miss. 2019) (finding that a complaint did not contain enough information to allow the court to rule and ordering plaintiff to file a more definite statement pursuant to Rule 12(e)); *Shields v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 110835, 2008 WL 38884326, at *4 (E.D. La. Aug. 18, 2008) (holding it is within the court's power to act sua sponte by ordering plaintiffs to submit a more definite statement pursuant to Rule 12(e)).
[83] *Ozcelebi*, 635 B.R. at 472.
[84] ECF No. 98 at 111, ¶ 584.
[85] *Id.*
[86] *Id.*
[87] *Ozcelebi*, 635 B.R. at 476.
[88] *Id.*

target as possible by providing a large fact section, such as the one in the Complaint, and allowing the Defendant/Court to apply the facts to the claims it found the most compelling.[89] Any misinterpretation by the Court specifically, could potentially provide fertile grounds for appeal and an unnecessary waste of judicial resources.[90] Overall, this would serve to greatly undermine the purpose of a Rule 12(b)(6) motion in deciding whether a claimant is entitled to offer evidence to support the claims.[91] Therefore, the Court orders sua sponte that Trustee amend the Complaint to address its numerous shotgun pleading violations.

Accordingly, as set forth more fully in the Court's accompanying order, Trustee must file a more definite statement in the form of an amended complaint.

### III. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED March 7, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[89] *Id.*
[90] *Id.*
[91] *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (noting that the purpose of 12(b)(6) "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").