IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| 1960 FAMILY PRACTICE, P.A. § | | |
| DEBTOR § | CASE NO. | 20-35493 |
| § | | |
| EVA S. ENGELHART, § | | |
| CHAPTER 7 TRUSTEE § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | | |
| § | ADVERSARY NO. | 21-3906 |
| HOUNG LE, EXPRESS SPECIALITY § | | |
| PHARMACY, LLC, ALLERGY OF § | | |
| TEXAS PLLC, PHYSICIANS § | | |
| ALLIANCE OF RED OAK, LP, MINH § | | |
| NGUYEN, WOODLANDS IMAGING, § | | |
| LP, VIVENTI MED LLC, AND TEXAS § | | |
| RADIOLOGY ASSOCIATES § | | |
| Defendants. | | |

### AMENDED TRUSTEE'S EMERGENCY MOTION FOR SEPARATE TRIALS PURSUANT TO RULE 42 AND REQUEST FOR ABATEMENT

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED TO OCCUR ON OR BEFORE MAY 31, 2023 AS THE COURT HAS SCHEDULED CERTAIN MATTERS ON MAY 31, 2023 WHICH ARE NECESSARY TO CONSIDER AT THE SAME TIME.**

Eva S. Engelhart, ("**Trustee**"), files this *Amended Emergency Motion for Separate Trials Pursuant to Federal Rule of Civil Procedure 42 and Request for Abatement*, and respectfully shows the Court as follows:

## Summary of Facts and Relief Requested

The Trustee sued Dr. Le for breach of fiduciary duty and denuding the estate. The Trustee also sued Dr. Le's husband, Dr. Nguyen, for conspiracy and knowing participation in Dr. Le's breach of fiduciary duties. Finally, the Trustee sued multiple entities for fraudulent transfers and preference claims.

Dr. Le consented to this Court's entry of orders and judgments on all matters. Dr. Nguyen and multiple other defendants did **not** consent to this Court's jurisdiction, requested a jury trial, and have a pending motion to withdraw the reference.

Three days ago, the Trustee learned for the first time, that Dr. Le recently purchased 100% of the equity in the Debtor. As a result, the Trustee believes it is in the best interest of the estate to bifurcate the trial in this matter, and first litigate the claims against Dr. Le. The Bankruptcy Court can quickly hear the Trustee's claims against Dr. Le as the parties are ready for trial.

It is possible that if the Trustee prevails against Dr. Le then the Trustee may recover sufficient funds from Dr. Le to make the estate whole. If that occurs then it is likely that the Trustee may chose not to pursue the remaining pending claims against the other defendants. Either way, the litigation will be streamlined if the Trustee first litigates her claims against Dr. Le in bankruptcy court where they consented to jurisdiction. Although Dr. Le has a pending motions to withdraw consent to this Court's jurisdiction, the Fifth Circuit has held that a party cannot withdraw consent after it received a negative ruling from the Court as forum shopping is prohibited.

Pursuant to Rule 42, the Fifth Circuit has held that this court may order a separate trial of one or more separate claims for convenience or to expedite and economize claims, and especially when it provides judicial economy. Therefore, the Trustee seeks an order:

1) Allowing the Trustee to first litigate the claims against Dr. Le as this will expedite not only the Adversary proceeding, but the administration of the bankruptcy estate and will benefit the creditors who filed over $7.2 million in claims; and

2) Abating the pending proceedings against all of the other Defendants, including the pending motions to dismiss and withdrawal of the reference.

**RELEVANT BACKGROUND**

1. The Trustee filed this Adversary Proceeding against Dr. Le, her husband, Dr. Nguyen, and the following five entities who were owned and controlled by Dr. Le and Dr. Nguyen:

    a. Allergy of Texas;

    b. Texas Radiology Associates;

    c. Woodlands Imaging;

    d. Physicians Alliance of Red Oak; and

    e. Viventi Med, LLC.

    (Collectively, these five entities are referred to as "**Dr. Nguyen's Companies**").

2. The Trustee also sued Express Specialty Pharmacy ("**ESP**") for fraudulent transfer. ESP is the only defendant that is not controlled by Dr. Le.

3. Since the Adversary was filed two things have materially changed:

    a. Dr. Nguyen passed away and his wife, Dr. Le became his representative in the Adversary.

    b. Since Dr. Nguyen's passing, Dr. Le became the representative for Dr. Nguyen's Companies in the Adversary.

**DR. LE PURCHASED THE REMAINING PARTNERSHIP INTEREST IN THE DEBTOR**

4. When the Adversary was filed, Dr. Le owned 80% interest in the Debtor.

5. After the Adversary was filed, Dr. Le (for an obvious strategic purpose) purchased her partner's remaining interest in the Debtor.

6. Therefore, if the Trustee succeeds on her claims against all of the Defendants in this Adversary, any surplus would go back to Dr. Le individually.

**PENDING CLAIMS AGAINST DEFENDANTS**

7. The Trustee sued Dr. Le for breach of her fiduciary duties and for denuding the Debtor.

8. Dr. Le expressly consented to the bankruptcy court's jurisdiction to enter final orders and judgments in this case.

9. However, Dr. Nguyen and Dr. Nguyen's Companies did not consent to the Bankruptcy Court's jurisdiction to enter final order, requested a jury trial, filed a Motion to Withdraw the Reference, and have pending motions to dismiss.

## Dr. Le's Motion to Withdraw Consent

10. On April 4, 2023, the Court conducted an evidentiary hearing on the Show Cause Order entered at Docket No. 149 in the bankruptcy case. At the conclusion of the hearing, the Court made oral findings that Dr. Le had a selective memory and was not a credible witness.

11. Three days later, on April 7, 2023, Dr. Le filed a Motion to Withdraw Consent to this Court's jurisdiction to enter final orders and judgments ("**Motion to Withdraw Consent**").

12. Dr. Le does not deny that she expressly consented to the Bankruptcy Court's jurisdiction; instead, she now wants to withdraw when faced with an unfavorable ruling.

13. The Fifth Circuit has held that 1) there is no absolute right to withdraw a validly given consent; 2) a party cannot undo consent when faced with unfavorable rulings; and 3) withdrawal of consent requires a showing of good cause. *Carter v. Sea Land Servs., Inc.* 816 F.2d 1018, 1021 (5th Cir. 1987).

14. In *Carter*, the Fifth Circuit held that such actions to attempt to undue consent after unfavorable rulings are "perceived to be on the outer limits of professional propriety, not shielded by counsel's obligation of zealous representation".

15. Furthermore, this Court's Scheduling Order provides that Dr. Le had until February 28, 2022 to file a Notice of Non-Consent to the entry of final orders by the Bankruptcy Court on all non-core matters. This Court's Scheduling Order states that it will only be modified for good cause shown beyond the control of the lawyers and/or Parties in very limited circumstances.

16. Dr. Le's blatant attempt to forum shop cannot constitute "good cause".

## Resolution of Claims Against Dr. Le

17. The Trustee employed an expert who determined that Dr. Le's actions destroyed the Debtor, which resulted in damages to the estate in the amount of $13.4 million.

18. Therefore, if the Trustee succeeds against Dr. Le, the estate may recover damages of at least $13.4 million, plus attorney's fees, costs and punitive damages.

## Proofs of Claim

19. To date, there are approximately **$7.2 million in proofs of claims** filed by creditors in this bankruptcy estate (the, "**Claims**").

20. Therefore, if the Trustee is successful in prosecuting and collecting on the causes of action against Dr. Le (alone), the Trustee will have sufficient funds to pay the Claims, and all of the estate's administrative costs and fees, making the estate whole.

## RULE 42

21. Federal Rule of Civil Procedure 42(b) provides in pertinent part that a court may order a separate trial of one or more separate claims for convenience or to expedite and economize claims.

22. The Fifth Circuit has held that whether to conduct separate trials under Rule 42(b) is a matter left to the sound distraction of the trial court on the basis of circumstances of the litigation before it. *Alaniz v. Zamora –Quezada,* 591 F. 3d 761, 774 (5th Cir. 2009)(quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (3d ed.2008) (collecting cases); *see also Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1021 (9th Cir.2004).

23. The Fifth Circuit held that when considering Rule 42(b), the Fifth Circuit held that potential jury confusion is outweighed by considerations of judicial economy. *Alaniz v. Zamora – Quezada,* 591 F. 3d 761, 774 (5th Cir. 2009).

24. Pursuant to Rule 42(b), the Trustee seeks an order from this Court to provide separate trials to allow the Trustee to first prosecute her claims against Dr. Le as this will expedite the process, economize the claims, and provide economy for all parties involved, including judicial economy.

25. The claims asserted against Dr. Le for breach of fiduciary duty and denuding the Debtor are easily segregated to accommodate a separate trial, and are not dependent on factual findings against the other defendants.

26. Separating the trial by allowing the Trustee to first prosecute her claims against Dr. Le would result in the following three scenarios that all would expedite and economize the claims:

    a. **Scenario 1**: If the Trustee succeeds against Dr. Le and collects on a judgment in excess of $13.4 million, then there will be sufficient funds to make the estate whole, pay all of the Claims, and the Trustee could then decide to voluntarily dismiss the claims against the remaining defendants.

    b. **Scenario 2**: If the Trustee does **not** prevail against Dr. Le for breach of fiduciary duty, then the Trustee would likely dismiss her claims against Dr. Nguyen as she sued Dr. Nguyen for conspiracy to breach Dr. Le's fiduciary duties and for knowing participation in breaching Dr. Le's fiduciary duties.

    c. **Scenario 3**: If the Trustee does not prevail against Dr. Le, then all that will remain are fraudulent transfer causes of action and one preference action. These claims are straightforward and could be litigated in a matter of two days. Regardless of which Court tried these fraudulent transfer claims, it would take a fraction of the time as

**EMERGENCY MOTION TO SEPARATE**

the Court would not be ruling on all of the matters related to the breach of fiduciary duty and denuding claims that are clearly separate and apart from the fraudulent transfer and preference claims against the other defendants.

27. Therefore, the Trustee asks this Court to grant her motion as it will streamline the Adversary, potentially administer the bankruptcy case in a matter of months, and does not cause prejudice to the defendants.

28. Dr. Nguyen's Companies would not be prejudiced as Dr. Le (as representative for these entities) would save significant time and attorney's fees under both Scenario 1 (if the claims are dismissed voluntarily by the Trustee), and under Scenario 3 if the trial is streamlined to only address the fraudulent transfers.

29. The Trustee sued Express Specialty Pharmacy for fraudulent transfer of pharmacy assets. This defendant is not related to Dr. Le and would not be prejudiced as the Trustee would likely dismiss her claims against Express Specialty Pharmacy under Scenario 1.

30. Specifically, the Trustee seeks an Order from this Court that provides the following:
    a. Pursuant to Rule 42(b), the Trustee will first litigate her claims against Dr. Le.
    b. All claims and pending motions[1] against the remaining defendants are abated until further order from this Court.

**Expedited Relief**

31. The Trustee only learned on Friday, May 26, 2023, that Dr. Le recently purchased all of the equity of the Debtor.

32. Presumably, Dr. Le purchased all of the interest in the Debtor after this Adversary was filed so that she could have influence over the Trustee's decisions. However, there is a downside to Dr. Le's strategic games as the Trustee is now placed in a position where she does not need to recover additional claims just to provide Dr. Le with a surplus.

33. The Trustee requests that this Motion be considered by the Court when determining whether to recommend Dr. Nguyen's Motion to Withdraw the Reference and Dr. Le and AOT's Motion to Withdraw Consent, which are currently set to be heard on **May 31, 2023**.

34. In summary, the Trustee believes that this entire litigation and bankruptcy case will be streamlined and expedited if the Court:

---

[1] The following motions are pending before the Court that would be abated if the Court grants the Trustee's Motion: 1) AOT's Motion to Dismiss (Docket No. 276); TRA Motion to Dismiss (Docket No. 285); Dr. Nguyen's Motion to Dismiss (Docket No. 286); Woodlands Imaging Motion to Dismiss (Docket No. 287); Viventi Med Motion to Dismiss (Docket No. 288); Trustee's Motion to Strike (Docket No. 320); Dr. Nguyen's Motion for Withdrawal of Reference (Docket No. 293); Trustee's Motion for More Definite Statement (Docket No. 315).

    a. Denies Dr. Le's Motion to Withdraw Consent and Motion for Jury Trial as they were filed for blatant forum shopping purposes after the deadline required by the Court's Scheduling Order;

    b. Grants the Trustee's Motion to Separate Dr. Le's Trial to be heard first; and

    c. Abates the remaining causes of action against the remaining defendants.

Dated: <u>May 30, 2023.</u>

                                               Respectfully submitted,

                                               By: <u>*/s/ Miriam Goott*</u>
                                               Miriam Goott
                                             *Counsel For The Trustee*
                                             SBN#24048846

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713) 956-5577
(713) 956-5570 (fax)
**mgoott@walkerandpatterson.com**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Amended Emergency Motion was served on all defendants via electronic transmission on May 30, 2023.

                                             By: <u>*/s/ Miriam Goott*</u>
                                             Miriam Goott

## CERTIFICATE OF CONFERENCE

    I hereby certify that I spoke to Mr. Probus, counsel for Dr. Le on May 30, 2023, who opposes the relief requested. I further certify that I emailed Mr. Durrschmidt, but he has not responded. I also certify that I spoke to Leonard Simon, counsel for Express Specialty Pharmacy, on May 30, 2023, and he asserted that he needed time to consider the relief requested.

                                             By: <u>*/s/ Miriam Goott*</u>
                                             Miriam Goott