United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 13, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 20-35493** |
| **1960 FAMILY PRACTICE, P.A.,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **EVA S. ENGELHART, CHAPTER 7 TRUSTEE,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 21-3906** |
| _____ | § | |
| **HUONG T. LE NGUYEN** | § | |
| and | § | |
| **ALLERGY OF TEXAS, PLLC** | § | |
| and | § | |
| **EXPRESS SPECIALITY PHARMACY, LLC** | § | |
| and | § | |
| **PHYSICIAN'S ALLIANCE OF RED OAK, LP** | § | |
| and | § | |
| **HUONG LE AND ALLERGY OF TEXAS PLLC** | § | |
| and | § | |
| **MINH NGUYEN** | § | |
| and | § | |
| **WOODLANDS IMAGING LP** | § | |
| and | § | |
| **VIVENTI MED LLC** | § | |
| and | § | |
| **TEXAS RADIOLOGY ASSOCIATES** | § | |
| and | § | |
| **HUONG LE AS REPRESENTATIVE FOR MINH NGUYEN,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court are three matters for this Court's consideration: (1) Huong Le and Allergy of Texas PLLC's Motion To Withdraw Consent To Bankruptcy Court's Jurisdiction To Enter Final Orders And Judgments, (2) Huong Le and Allergy of Texas PLLC's Alternative Motion for Jury Trial Pursuant to Fed. R. Civ. P. 39(b), and (3) Trustee's Emergency Motion for Separate Trials Pursuant to Rule 42 and Request for Abatement.  The Court held a final hearing on May 31, 2023, and for the following reasons Huong Le and Allergy of Texas PLLC's Motion To Withdraw Consent To Bankruptcy Court's Jurisdiction To Enter Final Orders And Judgments is denied; Huong Le and Allergy of Texas PLLC's Alternative Motion for Jury Trial Pursuant to Fed. R. Civ. P. 39(b) is granted; and Trustee's Emergency Motion for Separate Trials Pursuant to Rule 42 and Request for Abatement is denied.

## I.  BACKGROUND

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.  To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such.  This Court made certain oral findings and conclusions on the record.  This Memorandum Opinion supplements those findings and conclusions.  For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court also adopts and incorporates by reference each of the Background Facts in this Court's March 7, 2023, Memorandum Opinion.[1]   If there is an inconsistency, this Memorandum Opinion controls.

1. On November 9, 2020, 1960 Family Practice, P.A. ("*Debtor*") filed for relief under chapter 7 of the United States Bankruptcy Code ("*Bankruptcy Case*").[2]

---

[1] ECF No. 260.

[2] Citations to this Adversary Proceeding shall take the form, "ECF No. ___" and citations to Debtor's Bankruptcy Case, 20-31585, shall take the form "Bankr. ECF No. ___."  Bankr. ECF No. 1.

2. On September 7, 2021, Eva S. Engelhart, Chapter 7 Trustee, ("*Trustee* or *Plaintiff*") filed her complaint[3] ("*Original Complaint*") initiating this adversary proceeding ("*Adversary Proceeding*").

3. On January 24, 2022, Defendants Huong Le ("*Le*") and Allergy of Texas PLLC ("*AOT*") (together, "*Movants*"), inter alia, filed a Rule 26(f) Joint Report wherein they both stated that "[t]he parties agree that this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334."[4]

4. On January 25, 2022, the Court issued its Comprehensive Scheduling, Pre-Trial & Trial Order wherein parties were given until February 28, 2022, to file their Notice of Consent or Non-Consent, as required by BLR 7008-1 and 7012-1, to the entry of final orders by the United States Bankruptcy Court.[5]

5. On January 31, 2022, Movants filed their original answer ("*Original Answer*") and unequivocally stated that "[t]he Defendants consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution" ("*Consent*")[6]  The Original Answer did not contain a jury demand nor was a separate jury demand made to the Original Complaint.[7]

6. On August 12, 2022, Trustee filed her "Chapter 7 Trustee's Motion for Leave ("*Trustee's Motion For Leave")* to File First Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(2)."[8]

7. On September 2, 2022, Movants filed their "Objection to Trustee's Motion for Leave to Amend and Motion to Strike."[9]

8. On October 17, 2022, the Court granted the Trustee's Motion for Leave.[10]

9. On October 18, 2022, Trustee filed her First Amended Complaint ("*FAC*").[11]

10. On November 10, 2022, Dr. Minh Nguyen, ("*Nguyen*") Texas Radiology Associates, P.A., ("*TRA*") Woodlands Imaging, LP, ("*Woodlands*") and Viventi Med, LLC ("*Viventi*") filed motions to dismiss the Plaintiff's amended complaint.[12]

---

[3] ECF No. 1.
[4] ECF No. 35 at 2, ¶ 3.
[5] ECF No. 37 at 1, ¶ 3.
[6] ECF No. 42 at 1.
[7] *See id.*
[8] ECF No. 60.
[9] ECF No. 62.
[10] ECF No. 95.
[11] ECF No. 98.
[12] *See* ECF Nos. 121-123.

11. On November 17, 2022, Le filed her "Defendant Huong Lee's Rule 12(b)(6) Motion to Dismiss for Failure to State Claim and, Alternatively, Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction"[13] and AOT also filed its "Defendant Allergy of Texas, PLLC's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim"[14] (together the Nguyen, TRA, Woodlands, Viventi, Le, and AOT motions to dismiss the FAC are the "*Original Motions to Dismiss*").

12. On December 5, 2022, the Court granted TRA, Woodlands, and Viventi's motions to dismiss and dismissed particular causes of action relating to those entities.[15]

13. On December 7, 2023, Trustee filed "Plaintiff's Motion To Reconsider Dismissal (Rule 7054(A)/54(B)) Or In The Alternative Motion For Relief From Order (Rule 9054(B)/60(B), ("*Trustee's Motion To Reconsider*")."[16]

14. On December 13, 2022, Trustee filed her Notice of Consent to the entry of final orders by this Court.[17]

15. On December 27, 2022, TRA, Woodlands and Viventi filed their "Defendants Response To Trustee's Motion To Reconsider."[18]

16. On January 3, 2023, Nguyen filed his Notice of Non-Consent to the entry of final orders by this Court.[19]

17. On March 7, 2023, the Court granted Trustee's Motion To Reconsider, and deemed all of the pending Original Motions to Dismiss as moot.[20]

18. On March 28, 2023, Trustee filed her Second Amended Complaint ("*SAC*") pursuant to this Court's order to cure shotgun pleading issues.[21]

19. The SAC asserts two claims against Le arising under Texas common law for (1) breach of fiduciary duty ("*Breach Claim*") and (2) denuding the corporation ("*Denuding Claim*").[22] The SAC asserts four claims against AOT pursuant to § 548(a)(1)(A), § 548(a)(1)(B), § 24.006(a) of the Texas Business & Commerce Code ("*TBCC*"), and § 24.005(a)(1) of the TBCC (collectively the "*Fraudulent Transfer Claims*").[23]

20. On April 7, 2023, Movants filed the following:

---

[13] ECF No. 130.
[14] ECF No. 131.
[15] ECF No. 152.
[16] ECF No. 154.
[17] ECF No. 175.
[18] ECF No. 183.
[19] ECF No. 207.
[20] ECF No. 261.
[21] ECF Nos. 261, 270.
[22] ECF No. 270.
[23] *Id.*

a. A jury demand ("*Jury Demand*") pursuant to Fed. R. Civ. P. ("*Rule*") 38.[24]

b. "Huong Le's and Allegery [Sic] Of Texas, PLLC's Motion To Withdraw Consent To Bankruptcy Court's Jurisdiction To Enter Final Orders And Judgments" ("*Motion to Withdraw Consent*").[25]

c. "Huong Le's and [Sic] Allegery of Texas, PLLC's Alternative Motion for Jury Trial Pursuant to Fed. R. Civ. P. 39(b)"[26] ("*Rule 39 Motion*").

d. "Huong Le's and [sic] Allegery of Texas, PLLC's Motion for Withdrawal of the Reference"[27] ("*Le & AOT Motion to Withdraw the Reference*").

21. On April 12, 2023, Nguyen, Woodlands, Viventi, and TRA filed their, "Dr. Minh Nguyen by and Through Dr. Huong Le as his Personal Representative, Woodlands Imaging, LP, Viventi Med, LLC and Texas Radiology Associates, PA's Motion to Withdraw the Bankruptcy Reference and Brief in Support Thereof"[28] ("*Nguyen, Woodlands, Viventi, and TRA Motion to Withdraw the Reference* and together with the Le & AOT Motion to Withdraw the Reference, the "*Motions to Withdraw the Reference*").

22. On April 14, 2023, Trustee filed her, "Trustee's Response to Huong Le and Allergy of Texas PLLC's Motion for Withdrawal of the Reference"[29] and on April 17, 2023, Trustee filed her, "Trustee's Response to Minh Nguyen, Woodlands Imaging, LP, Viventi Med, LLC and Texas Radiology Associates PA's Motion to Withdraw the Reference"[30] (collectively the "*Response to Motions to Withdraw the Reference*").

23. On April 14, 2023, Trustee filed her, "Trustee's Response to Huong Le and Allergy of Texas PLLC's Motion to Withdraw Consent to Bankruptcy Court's Jurisdiction to Enter Final Orders and Judgments"[31] and "Amended Trustee's Response to Huong Le and Allergy of Texas PLLC's Motion to Withdraw Consent to Bankruptcy Court's Jurisdiction to Enter Final Orders and Judgments" ("*MWC Response*").[32]

24. On April 14, 2023, Trustee filed her, "Trustee's Response to Huong Le and Allergy of Texas PLLC's Motion for Jury Trial Pursuant to Fed. R. Civ. P. 39(b)"[33] ("*Rule 39 Response*").

---

[24] ECF No. 278.
[25] ECF No. 280.
[26] ECF No. 279.
[27] ECF No. 281.
[28] ECF No. 293.
[29] ECF No. 306.
[30] ECF No. 311.
[31] ECF No. 303.
[32] ECF No. 304.
[33] ECF No. 305.

25. On May 29, 2023, Trustee filed her "Trustee's Emergency Motion for Separate Trials Pursuant to Rule 42"[34] and on May 30, 2023, Trustee filed her "Amended Trustee's Emergency Motion for Separate Trials Pursuant to Rule 42 and Request for Abatement"[35] ("*Rule 42 Motion*").

26. On May 30, 2023, Nguyen, Woodlands, Viventi, and TRA filed their "Dr. Minh Nguyen by and Through Dr. Huong Le as his Personal Representative, Woodlands Imaging, LP, Viventi Med, LLC and Texas Radiology Associates, PA's Opposition to Amended Trustee's Emergency Motion for Separate Trials Pursuant to Rule 42 and Request for Abatement"[36] ("*Rule 42 Response*").

27. On May 30, 2023, Trustee filed her "Trustee's Reply to Dr. Nguyen's Response to the Trustee's Emergency Motion for Separate Trials Pursuant to Rule 42 and Request for Abatement"[37] ("*Rule 42 Reply*").

28. On May 30, 2023, Express Specialty Pharmacy, LLC ("*ESP*") filed its, "Express Specialty Pharmacy, LLC's Response to Trustee's Amended Emergency [sic] Motino for Separate Trials and Request for Abatement"[38]

29. On May 31, 2023, the Court held a hearing ("*Hearing*") and now issues its instant Memorandum Opinion.

## II.   JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[39]  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[40]  This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O) this proceeding contains core matters, as it primarily involves proceedings concerning the administration of this estate and recovery of alleged fraudulent and preferential transfers.[41]  This proceeding is also core under the general "catch-all" language with

---

[34] ECF No. 376.
[35] ECF No. 381.
[36] ECF No. 383.
[37] ECF No. 386.
[38] ECF No. 388.
[39] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[40] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[41] *See* 11 U.S.C. § 157(b)(2)(A), (F), (H) & (O).

respect to the preference claims, because such suits are the type of proceeding that can only arise in the context of a bankruptcy case.[42]  Alternatively, this Court has related to jurisdiction over this matter because outcome of this adversary proceeding could conceivably impact the administration of the Bankruptcy Case.[43]

This Court may only hear a case in which venue is proper.[44]  28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[45]  This Court currently presides over Debtor's Bankruptcy Case.[46]  Furthermore, all Defendants reside and/or have their principal place of business in either The Woodlands, Texas, Spring, Texas, or Houston, Texas,[47] and therefore, venue of this proceeding is proper.

This Court must evaluate whether it has constitutional authority to enter an order in this case.  In *Stern v. Marshall*, which involved a core proceeding brought by the debtor under 28 U.S.C. § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[48]  However, *Stern* is inapplicable to the Motion to Withdraw Consent, Rule 39 Motion, and Rule 42 Motion (together the "*Motions*").  *Stern* concerned final orders entered by the bankruptcy court and here, the Court need only enter an interlocutory order because the Motions do not end this litigation on the merits or conclude this

---

[42] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).
[43] *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995).
[44] 28 U.S.C. § 1408.
[45] 28 U.S.C. § 1409(a).
[46] *See* Case No. 20-35493.
[47] ECF No. 98 at 4, ¶¶ 2-9.
[48] 564 U.S. 462, 503, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).

Adversary Proceeding.[49]   Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[50]   Therefore, this Court need not determine whether it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant Motions.

## III.   ANALYSIS

Pending before the Court are three matters for consideration: (1) the Motion to Withdraw Consent, (2) the Rule 39 Motion, and (3) the Rule 42 Motion.[51]   The Court will consider each in turn beginning with the Rule 39 Motion.   However, as a preliminary matter the Court will first consider the current status of Movants' jury rights in this case and whether a timely Rule 38 demand was made.

## A.  Jury Rights

Before considering the Rule 39 Motion, this Court must first evaluate if Movants are entitled a jury on the claims asserted against them in the SAC as Rule 39 only empowers this Court to "order a jury trial on any issue *for which a jury might have been demanded*."[52]   Notwithstanding the dispositive importance of assessing Movants' Seventh Amendment rights, neither the Trustee nor Movants devote critical analysis to this issue and each largely rely on unsupported conclusory statements to support their respective views.[53]

Movants contend in their Rule 38 jury demand that, "[t]he state common law claims of denuding the entity of assets and breach of fiduciary duty are claims that give rise to a trial by jury,

---

[49] *See Matter of Pickle*, 149 F.3d 1174 (5th Cir. 1998) ("[A]n order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of section 158(d). Finality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation."); 28 U.S.C. § 158.

[50] *West v. WRH Energy Partners LLC* (*In re Noram Res., Inc.*), 2011 Bankr. LEXIS 5183, at *3, 2011 WL 6936361 (Bankr. S.D. Tex. Dec. 30, 2011).

[51] ECF Nos. 279, 280, 381.

[52] Fed. R. Civ. P. 39(b) (emphasis added).

[53] *See* ECF Nos. 278, 305.

which the Defendants demand.  The U.S. Supreme Court has held that such claims are entitled to a trial by jury."[54]  Movants cite the Supreme Court decision in *Langenkamp v. Culp* in support of this assertion.[55]  Movants provide no pin cite or quote supporting their position from *Langenkamp*, and upon review, Movants' contention that *Langenkamp* supports their jury demand is patently incorrect.[56]

The Court in *Langenkamp* held that a creditor who files a claim against the bankruptcy estate is not entitled to a jury trial on preference claims brought by a trustee and in no way supports Movants' assertion that they are entitled to a jury trial in this case.[57]  The Court admonishes Movants to take more care to ensure that their citations actually support their assertions made before this Court.  Trustee also fails to analyze Movants' jury rights in this case and baldly asserts with no citation that, "the breach of fiduciary duty claim is an equitable claim and Dr. Le is not entitled to a jury."[58]  The Court will now consider whether Movants are entitled to a jury on the claims asserted against them in the SAC.

### 1. Seventh Amendment Standard

The Seventh Amendment to the United States Constitution affords a right to a trial by jury in suits at common law where the value in controversy exceeds twenty dollars.[59]  Suits at law are those in which legal rights are ascertained and determined as opposed to those based on equitable rights, requiring equitable remedies.[60]  Determining whether a suit is one "at law" requires two

---

[54] ECF No. 278 at 1-2, ¶ 2.
[55] *Id.* (citing 498 U.S. 42 (1989)).
[56] *See id*; *Langenkamp*, 498 U.S. at 45 ("Accordingly, 'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.'").
[57] *Id.*
[58] ECF No. 305 at 5, ¶ 31a.
[59] U.S. Const. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.").
[60] *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

steps: (1) comparing the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) determining whether the remedy sought is "legal or equitable in nature."[61]  The second stage of this analysis is more important than the first.[62]  Furthermore, the right does not turn on whether, as a jurisdictional matter, the proceeding is core or non-core.[63]  Simply put, if the plaintiff seeks a legal remedy, the defendant has a right to a jury trial, even if Congress has assigned the cause of action to the bankruptcy courts as a core proceeding.[64]

The Court will next consider if the Breach, Denuding, and Fraudulent Transfer Claims give rise to a jury trial right.

### 2. Breach of Fiduciary Duty

Trustee first asserts a claim against Dr. Le for a breach of fiduciary duty.[65]  A claim for breach of fiduciary duty arises from Texas common law.[66]  Historically, "[c]laims for breach of fiduciary duty have always been within the exclusive jurisdiction of the courts of equity…"[67]  Thus, the first factor weighs against finding a jury right on this claim.[68]  Moving to the second factor, this Court notes that the Trustee expressly "seeks a money judgment against Dr. Le for the damages described throughout this Complaint."[69]  The Supreme Court has routinely held that the

---

[61] *Id.* at 42.
[62] *Id.*
[63] *Id.* at 41.
[64] *See id.*
[65] ECF No. 270.
[66] *Camp v. RCW & Co.*, No. CIV.A. H-05-3580, 2007 WL 1306841, at *3 (S.D. Tex. May 3, 2007), *aff'd*, 342 F. App'x 980 (5th Cir. 2009).
[67] *In re Jensen*, 946 F.2d 369, 371 (5th Cir.1991).
[68] *See id.*
[69] ECF No. 270 at 67, ¶ 398.

monetary nature of relief sought indicates that the claim should be denominated as legal rather than equitable.[70]

However, Trustee also requests a constructive trust over any asset in which tracing reflects that Debtor's assets were used to purchase or acquire an interest.[71]  A constructive trust is relief borne in equity.[72]  Trustee, however, does not identify specific property that she seeks to impose a constructive trust over in this case and the Court views the request for a constructive trust as ancillary to the request for a money judgment.[73]  In *Dairy Queen, Inc. v. Wood*, the Supreme Court held that "where both legal and equitable issues are presented in a single case, only under the most imperative circumstances can the right to a jury trial of legal issues be lost through prior determination of equitable claim."[74]  Thus, inclusion of alternative relief borne in equity will not deprive Le of her jury trial rights on legal issues asserted in the SAC.

The Supreme Court has also provided in *Great-W. Life & Annuity Ins. Co. v. Knudson* that, "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."[75]  A constructive trust is a form of restitution.[76]  Here, Trustee does not merely seek recovery of particular funds or property but instead seeks to impose personal liability against Le not just for various alleged transfers, but for the lost value of the Debtor's business as a whole, the

---

[70] *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962) ("insofar as the complaint requests a money judgement it presents a claim which is unquestionably legal."); *Granfinanciera*, 492 U.S. at 47 ("[t]he nature of the relief respondent seeks strongly supports our preliminary finding that the right he invokes should be denominated legal rather than equitable.").

[71] ECF No. 270 at 68, ¶ 407.

[72] *See e.g., Lone Star Milk Producers, Inc. v. Litzler*, 370 B.R. 671, 678 (Bankr. N.D. Tex. 2007) ("A constructive trust is not in reality a trust but is an equitable remedy imposed by law to prevent unjust enrichment from an unconscionable act.").

[73] *See* ECF No. 270 at 68.

[74] *See Dairy Queen, Inc.*, 369 U.S. at 472–73.

[75] *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002).

[76] *See Cent. States, Se. & Sw. Areas Health & Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, 756 F.3d 356, 362 (5th Cir. 2014) ("Typically, equitable restitution was sought in the form of a constructive trust or equitable lien…").

asserted value of which significantly exceeds the assets that were allegedly transferred and that might theoretically be subject to a constructive trust.[77]  Trustee's request for exemplary and punitive damages, relief borne in law and not equity, further supports viewing the Breach Claim as legal in this case.[78]

As such, the Court concludes that the Breach Claim is primarily legal in nature since it seeks to impose personal liability via a money judgment and punitive/exemplary damages against Le.[79]  Thus, the Court concludes that the Breach Claim gives rise to a jury trial right.[80]  The Court will next consider if the Denuding Claim gives rise to a jury trial right.

### 3. Denudation of Corporate Assets

The Supreme Court has repeatedly held that joinder of equitable claims with legal claims does not deprive a party of the right to a jury trial on the legal claims.[81]  "If a legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact."[82]  Because this Court has already determined that Le is entitled to a jury trial on the issues asserted in the Breach Claim, Le is also entitled to a jury trial on the common issues asserted in the Denuding Claim.[83]  Upon review of the SAC, every issue asserted in the Denuding Claim is also common to the Breach Claim as evidenced by Trustee's incorporation by

---

[77] *See id.* at ¶ 396-97 ("The Trustee is entitled to recover lost profits as economic damages… [t]he Trustee is entitled to lost business value…"). *Compare id.* at ¶ 391 (detailing alleged transfers) *with* ¶ 400 (detailing alleged lost business value).

[78] ECF No. 270 at 68; *Curtis v. Loether*, 415 U.S. 189, 196 (1974) (…the relief sought here—actual and punitive damages—is the traditional form of relief offered in the courts of law.").

[79] *See* ECF No. 270.

[80] *See Mirant Corp. v. The S. Co.*, 337 B.R. 107, 120 (N.D. Tex. 2006) ("However, when a legal remedy, such as monetary relief, is sought for breach of a fiduciary duty, the action assumes legal attributes."); *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, No. 12-CV-5836, 2017 WL 2215038, at *3 (N.D. Ill. May 19, 2017) ("The Court concludes that despite the fact that a garden-variety breach of fiduciary duty ordinarily is an equitable claim, since Plaintiff's requests for compensatory damages, punitive damages, and damages for Plaintiff's share of Defendant Hall's 'administrative fee' are legal in nature—and only Plaintiff's alternative request for relief is equitable in nature—Plaintiff is entitled to a jury trial on the legal aspects of Count III.").

[81] *In re Jensen*, 946 F.2d 369, 372 (5th Cir. 1991) (citing *Curtis v. Loether,* 415 U.S. 189, 196 n. 11 (1974)).

[82] *Id.*

[83] *See id.*

reference of all of the same underlying allegations for each claim.[84]  Thus, the Court concludes

that the Denuding Claim gives rise to a jury trial right.[85]  Last, the Court will consider if the

Fraudulent Transfer Claims give rise to a jury trial right.

### 4.  Fraudulent Transfer Claims

The Court easily concludes that the Fraudulent Transfer Claims asserted in the SAC give

rise to a jury trial right, as the Supreme Court has directly addressed this issue in *Granfinanciera,*

*S.A. v. Nordberg*:

> The question presented is whether a person who has not submitted a claim against
> a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy
> to recover an allegedly fraudulent monetary transfer. We hold that the Seventh
> Amendment entitles such a person to a trial by jury, notwithstanding Congress'
> designation of fraudulent conveyance actions as "core proceedings"[86]

The situation presented here is identical to *Granfinanciera*.  The Trustee has asserted fraudulent

transfer claims against AOT on behalf of the estate seeking a money judgment,[87] and AOT has not

filed a proof of claim against the estate.  As such, AOT is clearly entitled to a jury trial on the

Fraudulent Transfer Claims against it.

Having determined that the Breach, Denuding, and Fraudulent Transfer Claims all give

rise to a jury trial right, the Court will next consider if Movants made a timely jury demand

pursuant to Rule 38.

## B.  Rule 38 Jury Demand

A litigant entitled to a jury trial must still timely assert it.  "A party's failure to serve and

file a demand as required by subparagraph (b) of Rule 38 constitutes a waiver by the party of trial

---

[84] *Compare* ECF No. 270, ¶ 382 *with* ¶ 450 (each claim incorporating by reference the same factual allegations).
[85] *In re Jensen*, 946 F.2d at 372.
[86] 492 U.S. 33, 36 (1989).
[87] ECF No. 270.

by jury."[88]  "Parties may waive even fundamental rights, including… the right to a jury trial itself."[89]  Rule 38(b) provides, in relevant part, that: "[o]n any issue triable of right by a jury, a party may demand a jury trial by… serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served."[90]

The first Rule 38 jury demand made by Movants in this case was filed April 7, 2023, nine days after Trustee filed her SAC on March 28, 2023.[91]  It is uncontroverted that Movants failed to assert a timely Rule 38 jury demand to any issue asserted in the Original Complaint.[92]  Had Trustee not amended the Original Complaint, Movants would unquestionably have waived their jury rights in this case.[93]  However, with respect to amended pleadings, the Fifth Circuit has provided that, "[a] complaint 'raises an issue' only once within Rule 38(b)'s meaning when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial."[94]  "The term 'new issues' has been interpreted to mean new issues of fact and not new theories of recovery."[95]  Slight modifications in facts or in legal theories presented will not usually render issues different.[96]  As such, an amended complaint that raises new material issues of triable fact will give rise to a renewed right to assert a jury demand as to those issues.[97]

---

[88] *See e.g., Randle v. Hubert*, 47 F.3d 425 (5th Cir. 1995)

[89] *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) (citing *Duncan v. Louisiana,* 391 U.S. 145, 158 (1968)).

[90] Fed. R. Civ. P. 38.

[91] ECF No. 278.

[92] *See* ECF No. 42; Fed. R. Civ. P. 38(b).

[93] *See* Fed. R. Civ. P. 38(b); *Carter*, 816 F.2d at 1021.

[94] *Guajardo v. Estelle*, 580 F.2d 748, 752–53 (5th Cir. 1978) (citing *Connecticut General Life Insurance Co. v. Breslin*, 332 F.2d 928 (5th Cir. 1964) (defendant's amended answer did not raise issues materially different from those presented by the original answer and waiver of jury trial remained effective); *Swofford v. B. & W., Inc.*, 34 F.R.D. 15 (S.D.Tex.1963) (where new jury issues are created by amendment a party may properly demand a jury trial, but an amendment which neither changes the nature of the case nor introduces new issues does not renew that right)). *See also Daniel Int'l Corp. v. Fischbach & Moore, Inc*., 916 F.2d 1061, 1064 (5th Cir. 1990).

[95] *Guajardo*, 580 F.2d at 752–53.

[96] *Unidev, L.L.C. v. Hous. Auth. of New Orleans*, 250 F.R.D. 268, 272 (E.D. La. 2008).

[97] *See id.*

As such, the Court will consider (1) if there are new issues asserted in the SAC giving rise to a new jury demand, and (2) if Movants made a timely Rule 38 jury demand in turn.

### 1. New Issues

As discussed *infra*, the time to assert a Rule 38 demand has not expired with respect to either the FAC or SAC. Since the SAC is the live complaint, the Court will consider if new issues were raised in the SAC that were not asserted in the Original Complaint. As discussed, "[a] complaint 'raises an issue' only once within Rule 38(b)'s meaning when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial."[98] The Court will consider the issues asserted against Le and AOT in the SAC in turn.

### a. Issues asserted against Le

Overall, the SAC constitutes a substantial expansion of the claims asserted against Le as compared to the Original Complaint.[99] The Trustee also conceded this point at the Hearing and agreed that the SAC raises new issues compared to the Original Complaint.[100] The Original Complaint, spanning a total of 26 pages, asserted a single claim against Le for breach of fiduciary duty.[101] Trustee devoted 57 paragraphs detailing various factual allegations supporting her claim, and sought $5,000,000 in damages.[102] The SAC, spanning a total of 122 pages, asserts two claims against Le for breach of fiduciary duty and denuding corporate assets.[103] Trustee devotes 341 paragraphs in the SAC detailing the numerous allegations supporting the breach of fiduciary duty

---

[98] *Guajardo v. Estelle*, 580 F.2d 748, 752–53 (5th Cir. 1978) (citing *Connecticut General Life Insurance Co. v. Breslin*, 332 F.2d 928 (5th Cir. 1964) (defendant's amended answer did not raise issues materially different from those presented by the original answer and waiver of jury trial remained effective); *Swofford v. B. & W., Inc.*, 34 F.R.D. 15 (S.D.Tex.1963) (where new jury issues are created by amendment a party may properly demand a jury trial, but an amendment which neither changes the nature of the case nor introduces new issues does not renew that right)). *See also Daniel Int'l Corp. v. Fischbach & Moore, Inc*., 916 F.2d 1061, 1064 (5th Cir. 1990).

[99] *Compare* ECF No. 1 *with* 270.

[100] *See* ECF No. 424 at 122-124.

[101] *See* ECF No. 1.

[102] *See id.*

[103] ECF No. 270.

claim and an additional 19 detailing the denuding claim (that incorporates by reference the same allegations in the breach of fiduciary duty claim).[104]   In addition to preserving the allegations in the Original Complaint, Trustee substantially builds upon and adds to the breach of fiduciary duty claim in addition to raising the new denuding claim.[105]   Trustee now seeks between $28-90 million as well as exemplary and punitive damages from Le in the SAC.[106]   In light of the substantial expansion of the factual allegations, damages sought, and relief requested, the Court finds that the SAC does indeed raise "new issues" of material fact that entitle Le to make a Rule 38 jury demand on the new issues in the Breach and Denuding Claims.[107]   The Court will next consider the Fraudulent Transfer Claims against AOT.

### b.   Issues asserted against AOT

With regard to the Fraudulent Transfer Claims against AOT, it is more dubious that new issues are asserted.   Trustee is seeking to recover the same amount of money from AOT in the Original Complaint and SAC, and the factual circumstances supporting the claims have not fundamentally changed.[108]   Although several theories of recovery are asserted, in each of the Fraudulent Transfer Claims Trustee seeks to recover an alleged fraudulent transfer in the amount of $500,000 made by Debtor to AOT that pertain to funds Debtor received from as a part of a certain asset purchase agreement.[109]   This is asserted in both the Original Complaint and SAC.[110] The only significant change between Original Complaint and SAC is that Trustee originally sought to recover an additional $174,151.47 in alleged preferences in the Original Complaint that are now

---

[104] *See id.*
[105] *Compare id. with* ECF No. 1.
[106] ECF No. 270.
[107] *See also In re Fin. Federated Title & Tr., Inc.*, 309 F.3d 1325, 1329 (11th Cir. 2002) (finding that a significant expansion of the damages sought, from $10,000 to 1,017,647, constituted a "new issue").
[108] Compare ECF No. 270 *with* ECF No. 1.
[109] ECF No. 270 at 86, ¶ 522.
[110] *Compare id. with* ECF No. 1 at 22, ¶ 116.

sought to be recovered as fraudulent transfers in the SAC.[111]   However, as discussed, including new or different theories of recovery does not create a "new issue" for purposes of Rule 38(b).[112] As such, the Court concludes that there are no new issues of material fact asserted against AOT in the SAC, and the prior waiver of its jury trial rights remains effective.

The Court will next consider the timeliness of the Jury Demand.

## 2. Timeliness of the Jury Demand

Trustee contends that neither Le nor AOT made a timely jury demand within the fourteen day time period prescribed by Rule 38(b) after the Trustee added new causes of action in the FAC.[113]   Thus, Trustee contends Movants waived their jury rights as to the new causes of action included in the FAC.[114]   Although Trustee fails to specifically articulate her interpretation of when Rule 38(b) requires a jury demand be made, Trustee's implicit argument is that a defendant must make a jury demand within fourteen days after a plaintiff files a complaint.[115]   This interpretation is patently incorrect and contravenes the plain language of the rule.[116]

Rule 38(b) clearly provides that a jury demand must be made within fourteen days after the *last pleading* directed to the issue is served.[117]   Rule 7(a) defines "pleadings" as including, among other things, a complaint and an answer to the complaint.[118]   The Fifth Circuit has provided that, "[t]he last pleading in Rule 38 usually means an answer or a reply to a counterclaim."[119]   Here, because motions to dismiss were/are pending,[120] neither Le nor AOT filed an answer to the FAC

---

[111] Compare ECF No. 1 at 19-20 with ECF No. 270 at 86, ¶ 523.
[112] *Guajardo*, 580 F.2d at 752–53.
[113] ECF No. 305 at 4, ¶¶ 24-27.
[114] *Id.*
[115] *See id.*
[116] *See* Fed. R. Civ. P. 38(b).
[117] *Id.*
[118] Fed. R. Civ. P. 7(a).
[119] *Matter of Texas Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).
[120] ECF Nos. 130, 131, 276, 277.

nor have either filed an answer to the SAC.  Thus, the fourteen day time period to assert a jury demand pursuant to Rule 38(b) had not expired with regard to the new issues asserted in the FAC or the SAC.[121]  As such, the Jury Demand is timely with respect to the new issues raised in the SAC.

Because there are some issues asserted in the SAC that are not new issues, the Court will next consider Movants' alternative Rule 39 Motion.

## C.  Rule 39 Motion

Movants request, in the alternative, that this Court restore their jury rights in this case pursuant to Rule 39(b) to the extent they have been previously waived.[122]

Rule 39(b) provides, "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."[123]  This Court has already determined that the Breach, Denuding, and Fraudulent Transfer Claims are those in which a jury could be demanded.  The Fifth Circuit has also provided that, "[w]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary."[124]  "A motion for trial by jury under this rule 'should be favorably received unless there are persuasive reasons to deny it.'"[125]

The Fifth Circuit has identified five factors for this Court to considering a motion made under Rule 39(b): (1) whether the case involves issues which are best tried to a jury, (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party,

---

[121] *See* Fed. R. Civ. P. 38(b); *Matter of Texas Gen. Petroleum Corp.*, 52 F.3d at 1339.
[122] ECF No. 279.
[123] Fed. R. Civ. P. 39.
[124] *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).
[125] *Id.* (citing *United States v. Unum*, 658 F.2d 300, 303 (5th Cir. 1981).

(3) the degree of prejudice to the adverse party, (4) the length of the delay in having requested a jury trial, and (5) the reason for the movant's tardiness in requesting a jury trial.[126]  The Court will consider each in turn.

### 1. Whether the case involves issues which are best tried to a jury

When considering if the case involves issues which are best tried to a jury, courts generally consider the complexity of the case as a whole and whether factual or legal issues predominate the dispute.[127]  Non-complex, garden variety claims and claims in which fact finding predominates as opposed to interpretation of legal issues lends itself to being best tried by a jury.[128]

Here, the allegations underlying the Breach and Denuding Claims are of moderate complexity, but this is largely due to their numerosity and not because the allegations themselves are difficult to understand.[129]  The Fraudulent Transfer Claims are non-complex and involve only a handful of alleged transfers.[130]  Furthermore, all the claims center around areas of settled law that do not require any interpretation of legal issues, indicating that these claims are best tried by a jury.[131]

As such, this factor weighs in favor of granting the motion.

### 2. Whether granting the motion would result in a disruption of the court's schedule or that of an adverse party

Trustee contends that granting the Rule 39 Motion would disrupt the Trustee's schedule because there are pending deadlines in this Court's Scheduling Order that have not been stayed or

---

[126] *Id.* at 1064.
[127] *TruGreen Landcare L.L.C. v. Telfair Cmty. Ass'n, Inc.*, No. 4:12-CV-00514, 2013 WL 12190409, at *2 (S.D. Tex. Aug. 2, 2013) ("This Court finds that, due to the complexity of the case, this factor is either neutral or weighs against granting a jury trial."); *Bell v. Gen. Am. Life Ins. Co.*, No. 3:13-CV-1846-D, 2014 WL 815382, at *1 (N.D. Tex. Mar. 3, 2014).
[128] *See id.*
[129] *See* ECF No. 270.
[130] *See id.*
[131] *See id.*

modified, and that Trustee is prepared to go to trial on this Court's current Scheduling Order.[132]
Since Trustee filed her Rule 39 Response, the Court has abated all of the deadlines in its Scheduling
Order other than those pertaining to discovery until further orders from this Court.[133]  Thus,
Trustee's argument is moot.  Furthermore, usually cases in which courts have denied Rule 39
motions on the basis of disruption to the Court's schedule the motion is filed very close to the trial
date, often only days from a bench trial being held.[134]  Here, the Court's Scheduling Order is
currently abated and there are still significant pretrial matters yet to be considered and no trial date
has been set in this case.  The Court finds that neither this Court nor the Trustee's schedule would
be disrupted by granting the Rule 39 Motion.

As such, this factor weighs in favor of granting the motion.

### 3. The degree of prejudice to the adverse party

Trustee argues that she would be prejudiced in this case if the Court were to grant the Rule
39 Motion because, "[e]ven if the Bankruptcy Court handled all pre-trial matters, the selection of
a jury and finding time on the district court's docket to try  this case would inevitably delay matters
and prolong any potential distribution to creditors…"[135]  The Court is entirely unpersuaded by this
argument.  This Court declines to speculate as to how long the District Court may take to impanel
and try this case before a jury.  The Court finds that the Trustee will not be prejudiced by granting
the Rule 39 Motion.

As such, this factor weighs in favor of granting the motion.

---

[132] ECF No. 305 at 5.
[133] ECF No. 420.
[134] *Hinton v. Moore*, 801 F. App'x 329, 330 (5th Cir. 2020) ("[i]n this instance, the magistrate judge did not abuse
his discretion in denying Hinton's untimely jury-trial demand… it was filed approximately 20 months late and only
a week before the scheduled trial date…"); *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. 1981)
("…we conclude that persuasive reasons exist. The request for a jury trial was made only a few days before the final
docket call.").
[135] ECF No. 305 at 5-6.

### 4. The length of the delay in having requested a jury trial

Movants contend that there was no delay in requesting a jury trial pursuant to Rule 39 if counted from the date the Trustee filed her FAC & SAC because Movants have not filed an answer to either.[136]  Trustee asserts that there was significant delay and alternatively focuses on the length of time that has elapsed since the Original Complaint was filed, approximately nineteen months prior to the Rule 39 Motion being filed.[137]  Since Movants could have made a Rule 39 motion at any point since the Original Complaint was filed, this Court considers whether a nineteen month delay in asserting this motion was significant.  The Fifth Circuit in *Hinton v. Moore* upheld that a twenty month delay in asserting a Rule 39 motion constituted a significant delay.[138]  This Court similarly finds that waiting nineteen months also constitutes a significant delay in requesting that this Court restore waived jury rights.

As such, this factor weighs against granting the motion.

### 5. The reason for the movant's tardiness in requesting a jury trial

Movants contend that they would have filed their Rule 38(b) jury demand in their answer to the FAC should the Court have denied the Original Motions to Dismiss and that they only waited until now to file their Rule 39 Motion because the Court ordered the Trustee to replead.[139]  Trustee contends that Movants provide no explanation for their tardiness in requesting a jury trial, and contends that the Rule 39 Motion was only made now because the Court recently determined that Le was not a credible witness at this Court's recent Show Cause Hearing.[140]

---

[136] ECF No. 279 at 8-9.
[137] ECF No. 305 at 6.
[138] *Hinton v. Moore*, 801 F. App'x 329, 330 (5th Cir. 2020).
[139] ECF No. 279 at 9.
[140] ECF No. 305 at 6.

First, the Court agrees with the Trustee that Movants provide no explanation for the nineteen month delay in filing their Rule 39 Motion. The Court further notes that the reason asserted by Movants for not making a Rule 39 Motion sooner runs in contravention with their current actions. Movants assert that it was their intention to file a Rule 38(b) demand if and when the Court denied the Original Motions to Dismiss with respect to the FAC.[141] This assertion, however, runs contrary to Movants' current decision to make a Rule 38(b) jury demand and alternative Rule 39 Motion prior to this Court ruling on the currently pending motions to dismiss the SAC.[142]

As such, this factor weights against granting the motion.

### 6. Judicial Economy

The Court feels compelled to additionally discuss judicial economy in this case. Because the Court has previously determined that there are new issues asserted in the SAC, judicial economy weighs in favor of granting the Rule 39 Motion. Given the significant overlap and interrelatedness of all of the claims in this case, it would be judicially inefficient to attempt to hold a bench trial on some issues and a jury trial on others.[143] As such, this additional consideration weighs in favor of granting the motion.

In sum, on balance, a majority of factors weigh in favor of granting the Rule 39 Motion. Furthermore, the Fifth Circuit has provided that a Rule 39(b) motion should generally be granted absent compelling circumstances to the contrary.[144] The Court finds no compelling circumstances to not grant the motion.

Accordingly, Movants' Rule 39 Motion is granted.

---

[141] ECF No. 279 at 9.
[142] *See* ECF Nos. 278, 279; Docket Generally.
[143] *See generally* ECF No. 270.
[144] *Daniel Int'l Corp.*, 916 F.2d at 1064.

**D.  Rule 42 Motion**

Trustee requests, pursuant to Rule 42(b), that this Court bifurcate and hold a separate trial for the Breach and Denuding Claims pending against Le, and abate all other claims against all other defendants in this case until such claims are resolved.[145]

Rule 42(b) provides, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."[146]  The Fifth Circuit has provided that, "[w]hether to conduct separate trials under the Rule is a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it."[147]

Trustee contends that ordering a separate trial for the claims against Le and abating all other claims against all other defendants until the claims against Le are resolved will promote judicial economy in this case, as it may not be necessary to pursue other claims if Trustee prevails against Le.[148]  Trustee further asserts that, "[t]he claims asserted against Dr. Le for breach of fiduciary duty and denuding the Debtor are easily segregated to accommodate a separate trial, and are not dependent on factual findings against the other defendants."[149]  The Court finds Trustee's contention to be patently false.  The second claim Trustee brings in the SAC is against Nguyen for knowing participation in the Breach Claim against Le.[150]  Trustee provides in the SAC, among other examples, that "Dr. Le and her husband, Dr. Nguyen, worked together to defraud the Debtor and have worked together on all of their numerous business ventures during the course of their

---

[145] ECF No. 381.
[146] Fed. R. Civ. P. 42(b).
[147] *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 774 (5th Cir. 2009).
[148] *See* ECF No. 381.
[149] ECF No. 381 at 5, ¶ 25.
[150] *See* ECF No. 270.

long marriage"[151] and "Dr. Minh Nguyen was involved in every piece of the scheme to defraud the Debtor for the sole purpose of growing Dr. Le and Dr. Minh Nguyen's combined family wealth."[152]

Trustee also incorporates by reference the allegations in paragraphs 335-376 of the SAC against Nguyen, review of which clearly indicates that the allegations made against Le are intimately intertwined with those made against Nguyen.[153]  This of course makes sense, as a knowing participation claim will, almost by definition, necessarily rely on and relate to allegations made in the underlying breach of fiduciary duty claim.  Furthermore, many of the various fraudulent transfer claims asserted against other defendants in this case are also interrelated to and incorporated into the allegations made against Le.[154]  Last, the Court additionally notes that it is unpersuaded by Trustee's tentative suggestion that she may or may not pursue the other defendants depending on the outcome of claims pending against Le.[155]  Even if the claims could reasonably be bifurcated in this case, the Court would need to know definitively what Trustee's intentions are with respect to the other claims to assess whether judicial economy would have been promoted through bifurcation and abatement.  As such, the Court finds that the Trustee has failed to show that granting the Rule 42 Motion would expedite or economize this proceeding.

Accordingly, Trustee's Rule 42 Motion is denied.

## E.  Motion to Withdraw Consent

---

[151] *Id.* at 55, ¶ 335.
[152] ECF No. 270 at 69, ¶ 414.
[153] *See id.* at 70, ¶ 416.
[154] *See generally id.* at 75-122.
[155] ECF No. 381.

The last matter before the Court is Movants' Motion to Withdraw Consent.[156]  Movants seek to withdraw their prior consent to this Court's authority to enter final orders and judgments in this case.[157]

### 1. Standard of review for a motion to withdraw consent

There is no controlling authority in the Fifth Circuit concerning the standard of review for a motion to withdraw prior consent to a bankruptcy court's jurisdiction to enter final orders and judgments.  Movants assert, citing to the 10th Circuit B.A.P decision in *Hatch Jacobs, LLC v. Kingsley Capital, Inc.*, that a "party who has consented to the bankruptcy court entering final orders and judgment may, on motion showing good cause, withdraw that consent."[158]  Trustee contends that this Court should consider the factors outlined in the Fifth Circuit's decision in *Carter v. Sea Land Servs., Inc.*[159] *Carter* concerned a motion to revoke consent to magistrate jurisdiction in the district court,[160] but other courts, including the District Court for the Southern District of Texas,[161] have cited *Carter* in the context of motions to revoke consent in bankruptcy.[162]  Given that the constitutional concerns regarding consent to entry of a final order before a magistrate and bankruptcy judge are similar,[163] this Court finds *Carter* to be an appropriate source of authority in considering the Motion to Withdraw Consent.

The Fifth Circuit in *Carter* held that revocation of consent to entry of final orders and judgments was only appropriate on a showing of good cause, determination of which is committed

---

[156] ECF No. 280.
[157] ECF No. 280.
[158] *Id.* (citing 423 B.R. 344, 352 (B.A.P. 10th Cir. 2010)).
[159] ECF No. 304 at 5-6 (citing 816 F.2d 1018, 1021 (5th Cir. 1987)).
[160] *Carter*, 816 F.2d at 1021.
[161] *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 770 (S.D. Tex. 2007).
[162] *Carter*, 816 F.2d at 1021.
[163] *Veldekens*, 362 B.R. at 770; *In re Kingsley Cap., Inc.*, 423 B.R. at 352. *Compare* 28 U.S.C. § 636 *with* 28 U.S.C. § 157(c)(2).

to the trial court's sound discretion.[164]  "[T]here is no absolute right to withdraw a validly given consent to trial before a magistrate."[165]  "Once a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will."[166]  In considering good cause, the Fifth Circuit has enumerated the following non-exhaustive factors for courts to consider: (1) whether there was undue delay, (2) inconvenience to the court and witnesses, (3) prejudice to the parties, (4) whether the movant was acting pro se, (5) whether the consent was voluntary or uncoerced, (6) whether the motion was made in good faith or was dilatory and contrived; and (7) whether the interests of justice would be served by holding a party to his consent.[167]

The Court will consider each of these factors in turn.

### 2. Whether there will be undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant was acting pro se, and whether the consent was voluntary or coerced

The first five *Carter* factors can be quickly addressed.  For the same reasons discussed *supra* with regard to the Rule 39 Motion, the Court finds that (1) twenty months constitutes undue delay in filing this motion, (2) there would be no inconvenience to the court or witnesses, and (3) there would be no prejudice to any party in this case.  However, Movants were (4) not acting pro se when they gave their prior consent and (5) the consent was given voluntary.  As such, factors two and three weigh in favor and factors one, four, and five weigh against granting the motion.

### 3. Whether the motion was made in good faith or was dilatory and contrived

Trustee contends that the Motion to Withdraw Consent "was clearly filed in an effort to avoid this Court as it was filed three days after the Show Cause Hearing where this Court made

---

[164] *Carter*, 816 F.2d at 1021.
[165] *Id.*
[166] *Id.*
[167] *Id.*

negative findings regarding Dr. Le's credibility."[168]   As discussed *supra*, the Court finds that Movants provide an uncompelling rationale justifying their delay in seeking a jury trial and moving to withdraw consent to this Court jurisdiction.  The Court, however, will not go so far as to ascribe bad faith.  As discussed *infra*, Movants are mistaken regarding the need to withdraw consent before this Court to assert their jury trial rights.

However, as discussed *supra* there are significant new issues of triable fact that have been asserted in the SAC and the present motion was filed shortly after the SAC was filed.  The Court understands that all of the pending motions, including this one, were filed with the ultimate intention of moving to withdraw the reference.  As stated by the District Court for the Southern District of Texas in *Veldekens v. GE HFS Holdings, Inc.*, "[i]n some sense, any party who objects to Bankruptcy Court adjudication is forum shopping... [however,] [a] good faith claim of right, even when motivated (at least in part) by a desire for a more favorable decision maker, should not on that basis alone be denied as forum shopping."[169]   While the timing of the present Motion to Withdraw Consent is somewhat suspect in light of the Court's recent credibility ruling against Le, Movants also have new jury trial rights arising from the SAC that give a good faith claim of right to argue the present motion.

As such, on balance, the Court finds this factor to be neutral.

### 4.  Whether the interests of justice would be served by holding a party to his consent

Movants' primary argument is that good cause exists to revoke their Consent in light of the new causes of action asserted against them in Trustee's FAC and SAC.[170]   Specifically, Movants contend that they have a jury trial right as to the Trustee's claims for denuding corporate assets

---

[168] ECF No. 304.

[169] 362 B.R. 762, 769 (S.D. Tex. 2007).

[170] ECF No. 280 at 6, ¶ 11.

and for breach of fiduciary duty, which are state common law claims in Texas.[171]  Movants assert that good cause exists to revoke their consent since these causes of action were asserted after their original Consent was given.[172]

As a preliminary matter, the Court notes that no new causes of action have been asserted against AOT either in the FAC or SAC notwithstanding Movants' assertions to the contrary.[173] Movants attempt to muddy the waters in their motion with reference to "the significant change in the Plaintiff's claims against the Defendants" while seemingly conceding that these changes are "in particular against Dr. Le."[174]  No new causes of action have been asserted against AOT since the Original Complaint was filed, and as discussed *supra*, the Court has found there were no new issues in the SAC asserted against AOT.[175]  Furthermore, Movants' argument is ultimately irrelevant and predicated on a misunderstanding of the interaction between consenting to final orders and jury trial rights.  Consenting to this Court's jurisdiction to enter final orders on non-core matters is a distinct inquiry from whether a party is entitled to a jury trial before the district court.[176]  The waiver or existence of jury rights has no bearing on Movants' prior Consent.[177]  This is further illustrated by the fact that, while exceedingly rare, one could consent to the entry of final orders before the bankruptcy court and also request a jury trial before the bankruptcy court.[178] Thus, the inclusion of new causes of action that give rise to renewed jury trial rights has no bearing

---

[171] *Id.*

[172] *Id.*

[173] See ECF Nos. 98, 270.

[174] ECF No. 280 at 6, ¶ 11.

[175] *Compare* ECF No. 1 *with* ECF Nos. 98, 270.

[176] *In re Caceres*, No. 18-80776, 2023 WL 2543713, at *63 (Bankr. M.D.N.C. Feb. 27, 2023) (gathering cases) ("[Q]uestions regarding a litigant's right to a jury trial, and who may conduct that trial, are separate from whether a court may enter a final order… [t]he Defendant's implied consent to bankruptcy court adjudication of the Plaintiff's non-core claims has no bearing on whether the Defendant has waived or retained his right to a jury trial… these touch upon distinctly separate rights held by a litigant.") (internal citations and quotations omitted).

[177] *See id.*

[178] 28 U.S.C. § 157(e).

on and is not affected by Movants' prior Consent.[179]   As such, the Court finds that this factor weighs against granting the motion.

Having weighed the factors enumerated *supra*, the Court finds that Movants have failed to demonstrate good cause to revoke their prior Consent.

Accordingly, Movants' Motion to Withdraw Consent is denied.

## IV.   CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED July 13, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[179] *In re Caceres*, No. 18-80776, 2023 WL 2543713, at *63 (Bankr. M.D.N.C. Feb. 27, 2023).